**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

*Shelter Forest International Acquisition, Inc. v. United States*,
 AND CASES LISTED ON THE ATTACHED SCHEDULE A

COURT NO. 23-00144, ET AL.

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

**I. JOINT STATUS REPORT**

Pursuant to Rule 56.2(a) of the Rules of this Court, Plaintiff American Pacific Plywood, Inc. and Plaintiffs listed in the attached **Schedule A**, Plaintiff-Intervenors, Defendant United States, and Defendant-Intervenor have conferred and agree to this Joint Status Report.

**1. Does the Court have jurisdiction over the action?**

Plaintiffs and Plaintiff-Intervenors believe that the Court has exclusive jurisdiction over this action pursuant to 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 1581(c). Defendant United States and Defendant-Intervenor are not aware of any basis to challenge the jurisdiction of the Court at this time.

**2. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons therefore?**

The parties are not aware of any reason that any portion of this case should be severed. This appeal and several other appeals address the same or similar issues arising from the U.S. Department of Commerce's ("Commerce") final scope and circumvention determination

1

published in the Federal Register on July 20, 2023 concerning the antidumping and countervailing duty orders on hardwood plywood from the People's Republic of China. *See Certain Hardwood Plywood Products From the People's Republic of China*: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders; 88 Fed. Reg. 46,740 (Dep't Commerce, July 20, 2023).

Plaintiffs, Defendant United States, Plaintiff-Intervenors, and Defendant-Intervenor believe that it is in the interest of both judicial economy and private resources to consolidate the cases listed in **Schedule A** under *American Pacific Plywood, Inc. v. United States*, Ct. No. 23-00166. All of these cases arise out of a single proceeding conducted by Commerce. Further, these cases include central issues of concern to all Plaintiffs, such as Commerce's alleged procedural missteps in the underlying scope and circumvention inquiry, which appear to require a uniform analysis in all cases. Plaintiff American Pacific Plywood, Inc. ("APPI") has consulted with the parties in the above-listed cases, who all agree with consolidation of these cases.

3. **Should further proceedings in this case be deferred pending consideration of another case before the Court or any other tribunal and the reasons therefor?**

The issues before this Court in this action and those for which consolidation is proposed are not pending in any other case before this Court to the best of the Parties' knowledge. There is therefore no reason for the consolidated appeals to be deferred.

4. **Would an in-person (or hybrid for listening only) status conference at the Court be useful to address organizational or scheduling matters?**

The Parties agree that an in-person status conference to address organizational or scheduling matters is not necessary at this time.

5.      **Is there any other information of which the Court should be aware at this time?**

Plaintiffs note that based on the scope appeal decision of this court in *Far E. Am., Inc. v. United States*, No. 22-00049, 2023 Ct. Intl. Trade LEXIS 123 (Ct. Int'l Trade Aug. 22, 2023), Commerce removed its affirmative scope findings that were included in Commerce's preliminary determination and relied solely on its circumvention findings in the Final Determination. Dep't Commerce, Issues and Decision Memorandum for Circumvention and Scope Inquiries of the Antidumping Duty and Countervailing Duty Orders on *Certain Hardwood Plywood Products from the People's Republic of China* (July 14, 2023) at 10.

## II.   <u>DRAFT PROPOSED BRIEFING SCHEDULE</u>

The parties have consulted and agree that the briefing should proceed in two separate tranches, and each tranche should include staggered briefing. The Parties intend to finalize the briefing schedule with concrete dates 21 days after the Court decides on consolidation of the cases listed in **<u>Schedule A</u>** and sets a date for the filing of the administrative record.

The intent and purpose of the proposed staggered briefing schedule, segregated into tranches, is to conserve the resources of all the parties rather than have arguments duplicated. In past cases, similar arrangements have worked well. In many instances, Plaintiff-Intervenors and/or Defendant-Intervenors do not need to add significantly to the main briefs. The tranches are intended to assist in focusing the Court on the two themes of these appeals: (1) alleged highly unusual procedures in Commerce's conduct of these investigations and (2) the unique factual circumstances of each exporter that led to Commerce's applications of adverse inferences.

The proposed Consolidated Plaintiffs each have separate issues based on the unique facts

of their specific cases that they intend to argue as well as common legal bases for their claims for relief. For instance, Commerce applied adverse facts available to all of the Plaintiffs who are foreign exporters of hardwood plywood from Vietnam. Plaintiffs will allege that Commerce failed to inform them of deficiencies in their submissions to Commerce in violation of 19 U.S.C. § 1677m(d). Nevertheless, the facts upon which Commerce's determinations were based differed with respect to each individual exporter.

The Parties therefore believe that the following illustrative proposal for a briefing schedule, divided into "tranches," is the most efficient way to clarify the issues and reduce the word count and replication in the briefs. Since the Court stayed the deadline for the filing of the administrative record in its letter and Order dated September 29, 2023, *American Pacific Plywood, Inc. v. United States*, Ct. No. 23-00166, ECF Doc. No. 11, the Parties propose that the Defendant file the administrative record in the lead consolidated case <u>within 40 days after the date of the Order consolidating the cases</u> listed in Attachment A.

The following draft schedule is *for illustrative purposes only* to better explain the procedure of dividing the briefing into tranches and staggered briefing. The parties have not yet agreed on the details of a proposal for the briefing schedule in this case, including the basis on which the briefing tranches would be divided.

**<u>Tranche I</u>**

1. Plaintiffs that are U.S. importers of hardwood plywood from Vietnam shall file their motions for judgment upon the agency record no later than <u>60 days after the filing of the administrative record</u>. Each law firm representing more than one Importer-Plaintiff shall file a single brief with the precise word count to be

4

   determined at a subsequent date.

2. Current and prospective Plaintiff-Intervenors shall file their importer-specific motions for judgment upon the agency record no later than <u>20 days after the last Importer-Plaintiff files its moving brief</u>. Each law firm representing more than one Plaintiff-Intervenor shall file a single brief with the precise word count to be determined at a subsequent date, with the caution against duplication noted above.

3. Defendant United States shall file its response brief to Importer-Plaintiffs' and Plaintiff-Intervenors' moving briefs no later than <u>90 days after the last Plaintiff-Intervenor's moving brief is filed</u>.

4. Defendant-Intervenor shall file its response brief to the Importer-Plaintiffs' and Plaintiff-Intervenors' moving briefs no later than <u>30 days after the Defendant files its response brief</u>, with the caution against duplication noted above.

**Tranche II**

1. Plaintiffs that are foreign exporters of hardwood plywood from Vietnam shall file their motions for judgment upon the agency record no later than <u>90 days after the filing of the administrative record</u>. Each law firm representing more than one Exporter-Plaintiff shall file a single brief with the precise word count to be determined at a later date.

2. Current and prospective Plaintiff-Intervenors shall file their exporter-specific motions for judgment upon the agency record no later than <u>20 days after the last Exporter-Plaintiff files its moving brief</u>. Each law firm representing more than one Plaintiff-Intervenor shall file a single brief with the precise word count to be

   determined at a later date, with the caution against duplication noted above.

   3. Defendant United States shall file its response brief to the Exporter-Plaintiffs' moving briefs no later than <u>90 days after the last Plaintiff-Intervenor's moving brief is filed</u>.

   4. Defendant-Intervenor shall file its response brief to the Exporter-Plaintiffs' moving briefs no later than <u>30 days after the Defendant files its exporter-specific response brief</u>, with the caution against duplication noted above.

**Reply Briefs**

   5. All Plaintiffs and Plaintiff-Intervenors shall file their reply briefs <u>45 days after Defendant-Intervenor files its last response brief</u>. Each law firm representing more than one Plaintiff shall file a single brief with the precise word count to be determined at a later date.

   6. Plaintiffs shall file the joint appendix no later than <u>20 days after the last reply brief is filed</u>; and

   7. Parties requesting oral argument shall file their motions for oral argument no later than <u>30 days after the last reply brief is filed</u>.

If the Court agrees to consolidation of the cases listed in **Schedule A**, the Parties will submit a proposed briefing schedule consistent with the procedure identified above of dividing the briefing into tranches and staggered briefing for the Court's consideration.

Respectfully submitted,

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman
J. Kevin Horgan
Vivien Jinghui Wang
**DEKIEFFER & HORGAN, PLLC**
1156 15th Street, NW.
Suite 1101
Washington, D.C. 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
Email: gmenegaz@dhlaw.com
*Counsel for U.S. Importer-Plaintiffs American Pacific Plywood, Inc., American Woodmark Corp., Del Valle Kahmann & Co., Ike Trading Co. Ltd., Pittsburgh Forest Products, and Panoply Wood Products USA Inc.*

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman
J. Kevin Horgan
Vivien Jinghui Wang
**DEKIEFFER & HORGAN, PLLC**
1156 15th Street, NW.
Suite 1101
Washington, D.C. 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
Email: gmenegaz@dhlaw.com
*Counsel for Foreign Exporter-Plaintiffs Eagle Industries Co. Ltd., Golden Bridge Industries Pte., Ltd., Lechenwood Viet Nam Co. Ltd., Arrow Forest International Co., Ltd., Her Hui Wood (Vietnam) Co., Ltd., Vietnam ZhongJia Co. Ltd., Long LUU Plywood Production Co., Ltd., and TEKCOM Corp.*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY

7

|  |  |
|---|---|
|  | Director |
|  |  |
|  | /s/ Tara K. Hogan |
|  | TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br>SAVANNAH ROSE MAXWELL<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance | /s/ Sosun Bae<br>SOSUN BAE<br>Senior Trial Counsel<br>**U.S. Department of Justice**<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7568<br>Fax: (202) 514-8624<br>Email: sosun.bae@usdoj.gov<br>*Counsel for Defendant United States* |
|  | /s/ Daniel L. Porter<br>Daniel L. Porter<br>James C. Beaty<br>Katherine R. Afzal<br>**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**<br>1717 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Tel: (202) 452-7340<br>Fax: (202) 452-7333<br>Email: dporter@curtis.com<br>*Counsel for Plaintiff Shelter Forest International Acquisition Inc.* |
|  | /s/ Jeffrey S. Neeley<br>Jeffrey S. Neeley<br>Stephen W. Brophy<br>Jamie L. Shookman<br>**HUSCH BLACKWELL, LLP**<br>1801 Pennsylvania, Ave. N.W.<br>Suite 1000 |

Washington, D.C. 20006
Tel: (202) 378-2357
Fax: (202) 378-2319
Email: jeffrey.neeley@huschblackwell.com
*Counsel for Plaintiff Greatriver Wood Co., Ltd.*


/s/ Kristen S. Smith
Kristen S. Smith
Sarah E. Yuskaitis
**SANDLER TRAVIS & ROSENBERG, P.A.**
1300 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Tel: (202) 730-4965
Fax: (202) 842-2247
Email: ksmith@strtrade.com
*Counsel for Plaintiffs USPLY LLC, Boise Cascade Building Materials Distribution LLC, and Cabinetworks Group, Inc. f/k/a ACProducts, Inc., ACPI Wood Products, LLC, Cabinetworks Group Middlefield, LLC, and Cabinetworks Group Michigan, LLC*


/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Jill A. Cramer
Sarah Marie Wyss
Bryan P. Cenko
Yixin (Cleo) Li
Ronalda G. Smith
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
Tel: 202-688-3610
Fax: (202) 595-8968
Email: trade@mowrygrimson.com
*Counsel for Plaintiffs and Plaintiff-Intervenors Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca*

*Pacific Inc., UFP International, LLC Medallion Forest Products, Hardwoods Specialty Products USLP, Paxton Hardwoods LLC and Rugby Holdings LLC dba Rugby Architectural Building Products*

/s/ Gregory S. McCue

Thomas J. Trendl
Gregory S. McCue
Zachary Simmons
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave. NW
Washington, DC 20036
Tel: (202) 429-6421
Fax: (202) 261-7513
Email: gmccue@steptoe.com
*Counsel for Plaintiff Tumac Lumber Co., Inc.*

/s/ Timothy C. Brightbill

Timothy C. Brightbill
Stephanie M. Bell
Tessa V. Capeloto
Maureen E. Thorson
John Allen Riggins
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
Email: tbrightbill@wiley.law
*Counsel for Defendant-Intervenor Coalition for Fair Trade in Hardwood Plywood*

Date: October 19, 2023

# Schedule A

| CASE NAME | Ct. No. |
|---|---|
| *Shelter Forest International Acquisition, Inc. v. United States* | 23-00144 |
| *Greatriver Wood Co., Ltd., a.k.a. Cong Ty TNHH Greatriver Wood or Greatriver Wood Company Limited v. United States* | 23-00155 |
| *USPLY LLC v. United States* | 23-00156 |
| *Boise Cascade Building Materials Distribution LLC v. United States* | 23-00159 |
| *Cabinetworks Group Inc. f/k/a f/k/a ACProducts, Inc., ACPI Wood Products, LLC, Cabinetworks Group Middlefield, LLC, and Cabinetworks Group Michigan, LLC v. United States* | 23-00162 |
| *Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca Pacific Inc., UFP International, LLC and Medallion Forest Products v. United States* | 23-00163 |
| *Hardwoods Specialty Products USLP, Paxton Hardwoods LLC, and Rugby Holdings LLC dba Rugby Architectural Building Products v. United States* | 23-00164 |
| *American Pacific Plywood, Inc. v. United States* | 23-00166 |
| *American Woodmark Corp. v. United States* | 23-00167 |
| *Del Valle Kahmann & Co. v. United States* | 23-00168 |
| *Ike Trading Co. Ltd. v. United States* | 23-00169 |
| *Pittsburgh Forest Products v. United States* | 23-00170 |
| *Panoply Wood Products USA Inc. v. United States* | 23-00171 |
| *Eagle Industries Co. Ltd. v. United States* | 23-00172 |
| *Golden Bridge Industries Pte., Ltd. v. United States* | 23-00173 |
| *Lechenwood Viet Nam Co. Ltd. v. United States* | 23-00174 |

| | |
|---|---|
| *Arrow Forest International Co., Ltd. v. United States* | 23-00175 |
| *Her Hui Wood (Vietnam) Co., Ltd. v. United States* | 23-00176 |
| *Vietnam ZhongJia Co. Ltd. v. United States* | 23-00177 |
| *Long LUU Plywood Production Co., Ltd. v. United States* | 23-00178 |
| *TEKCOM Corp. v. United States* | 23-00179 |
| *Tumac Lumber Co., Inc. v. United States* | 23-00180 |